[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 25, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15493
Non-Argument Calendar

_____

BIA Nos.
A97-199-437
A97-199-438

FABIAN SALGADO,
MARIA LUZMILA SALAZAR,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(May 25, 2007)**

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Petitioners Fabian Salgado and Maria Luzmila Salazar, natives and citizens of Colombia, through counsel, petition for review of the Board of Immigration Appeals ("BIA's") order, affirming the immigration judge's ("IJ's") denial of Salgado's application for withholding of removal.[1] In Colombia, Salgado worked for the oil industry as a pipe supervisor, which led to him being threatened by the Revolutionary Armed Forces of Colombia ("FARC"). His application for asylum and withholding of removal recounted: (1) a 1990 attack on one of the camps where he worked, resulting in the murder of one of the men whom the FARC accused of being an informant; (2) the 1995 kidnaping of a coworker from a car in which Salgado was riding; and (3) the 1970 kidnaping of his brother by the National Liberation Army ("ELN").

Salgado submitted various documentation to support his application, including an accusation that he filed in Bogota regarding one of the FARC's attacks. At the asylum hearing, Salgado testified as to those incidents, as well as an incident that occurred in 1994, when members of the FARC detained a group of

---

[1] The petitioners do not challenge the denial of asylum or relief under the United Nations Convention Against Torture and Other Cruel, Inhumane or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. §§ 208.16-18. Accordingly, those issues are deemed abandoned. *See Sepulveda v. U.S. Att'y. Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (holding that petitioners abandon issues not raised in the opening brief).

2

workers that Salgado supervised, and beat him, breaking his shoulder with a rifle butt, requiring an operation. He also testified that the FARC wanted him to install valves in pipes so that they could extract oil, and that he was involved with Propaz, an organization that works with the "peasantry" in trying to keep their children away from the FARC, in 1991 or 1992.

On appeal, Salgado argues that the record establishes that he had been the victim of past persecution by the FARC, as evidenced by the beating that he received, resulting in broken ribs and an injured shoulder, and death threats that he received. Additionally, he contends that the IJ did not analyze whether he had established a pattern or practice of discrimination by the FARC, and therefore, erred in denying relief.

We "review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion." *Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). "A factual determination by the BIA that an alien is statutorily ineligible for asylum or withholding is reviewed under the substantial evidence test." *Id.* (internal citations and quotations omitted). We must affirm the decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* at 1283-84. (internal citations and quotations omitted). To the extent that the IJ's and the BIA's decisions are based on a legal determination, review is *de novo*. *Mohammed v. Ashcroft*, 261 F.3d 1244,

3

1247-48 (11th Cir. 2001). "Findings of fact made by the Immigration Judge may be reversed by this Court only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1236 (11th Cir. 2006) (internal citations and quotations omitted). However, "[i]ssues not argued on appeal are deemed waived." *Mingkid v. U.S. Att'y. Gen.*, 468 F.3d 763, 767 n.1 (11th Cir. 2006).

Withholding of removal may be granted if the alien establishes that, if returned to his country, his life or freedom would be threatened on account of his race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3); 8 U.S.C. § 1231(b)(3). An alien is entitled to withholding of removal if he can establish, with specific and credible evidence: (1) a past threat to life or freedom through proof of past persecution on account of a protected ground; or (2) a future threat to life or freedom if it "is more likely than not" that the protected ground will cause future persecution. 8 C.F.R. § 208.16(b)(1), (2). If an alien does not establish past persecution, he bears the burden of showing a well-founded fear of future threat to life or freedom by showing that it is more likely than not that he will suffer persecution on the basis of the protected ground, and he could not avoid persecution by relocating to another part of his country, if, under all of the circumstances, it would be

4

reasonable to expect him to do so. 8 C.F.R. § 208.16(b)(2). The alien does not need to prove that he or she would be "singled out" for persecution if (1) there is a "pattern or practice of persecution" against similarly situated individuals, and (2) his or her inclusion within that group of individuals makes it "more likely than not that his or her life or freedom would be threatened upon return to that country." *See* 8 C.F.R. 208.16(b)(2)(i),(ii).

"If an alien's testimony is credible, it may be sufficient, without corroboration, to satisfy his burden of proof in establishing his eligibility for relief from removal." *Chen v. U.S. Att'y. Gen.*, 463 F.3d 1228, 1231 (11th Cir. 2006); *see also* 8 C.F.R. §§ 208.13(a), 208.16(b). "Conversely, an adverse credibility determination alone may be sufficient to support the denial of an asylum application." *Ruiz v. U.S. Att'y. Gen.*, 440 F.3d 1247, 1255 (11th Cir. 2006) (internal quotations and citations omitted) ( analyzing the denial of withholding of removal as well). Once the IJ has made the adverse finding, the alien then has the burden to show that the IJ's credibility decision was not supported by "specific, cogent reasons" or was not based on substantial evidence. *Chen*, 463 F.3d at 1231.

The record here demonstrates that the IJ based his denial on an adverse credibility finding, and to the extent that Salgado does not challenge that finding, he has waived the argument on appeal. Regardless, the IJ's determinations were specific regarding Salgado's inconsistent recounting of how and why the FARC

persecuted him, and were supported by substantial evidence.  Accordingly, we deny Salgado's petition.

**PETITION DENIED.**